UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NAQUAN RUIZ

Plaintiff,

-against-                                                    9:24-CV-179 (LEK/PJE)

RENSSELAER COUNTY CORRECTIONAL FACILITY, *et al.*,

Defendants.

## MEMORANDUM-DECISION AND ORDER

### I.      INTRODUCTION

On February 5, 2024, Plaintiff Naquan Ruiz commenced this action by filing a complaint against the Rensselaer County Correctional Facility, Sheriff Kyle Bourgault, Chief Higgitt, Lieutenant Morin, Lieutenant Sauer, Officer Mark, Kitchen Staff Worker Alex, Kitchen Staff Worker Jess, and Kitchen Staff Worker Lauren under 42 U.S.C. § 1983 for violations of his First Amendment Right to Free Expression. Dkt. No. 1 ("Complaint"); Dkt. No. 9 ("Amended Complaint").

On August 8, 2024, Plaintiff filed an Amended Complaint. *See* Am. Compl. On October 8, 2024, this Court issued a Memorandum-Decision and Order finding that Plaintiff's First Amendment Free Exercise claims against Staff Arthur and Rensselaer County, and First Amendment retaliation claims against Officer Mark survived this Court's review and required a response. *See* Dkt. No. 11 at 4–7 ("October Order"). In the October Order, this Court dismissed all of Plaintiff's remaining claims against the other Defendants. *See* October Order at 3–7.

On July 31, 2025, Defendant Rensselaer County filed a Motion for Summary Judgment. Dkt. No. 20 ("Motion"). On October 20, 2025, Plaintiff filed his response, Dkt. No. 24, ("Response") and Defendants replied on October 30, 2025. Dkt. No. 25 ("Reply).

On February 13, 2026, the Honorable Judge Paul J. Evangelista, United States Magistrate Judge, issued an Order & Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c), recommending that the Motion be granted in its entirety. Dkt. No. 26 ("Report and Recommendation").

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II.      BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. *See* R. & R. at 2–9.

## III.      LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing;

rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *3 (2d Cir. Oct. 28, 2025). To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.    DISCUSSION

No party objected to the Report and Recommendation within fourteen days after being served with a copy of it. *See* Dkt. Accordingly, the Court reviews the Report and Recommendation for clear error. *See DiPilato*, 662 F. Supp. 2d at 339.

After carefully considering Judge Evangelista's well-reasoned Report and Recommendation, the Court finds no clear error. Thus, the Court approves and adopts the Report and Recommendation in its entirety.

## V.    CONCLUSION

Accordingly, it is hereby:

3

ORDERED, that the Report and Recommendation, Dkt. No. 26, is **APPROVED and ADOPTED in its entirety**; and it is further,

ORDERED, that the Clerk is respectfully directed to enter judgment and close this case;

ORDERED, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    March 12, 2026
             Albany, New York

LAWRENCE E. KAHN
United States District Judge

4